Peter R. Afrasiabi (Bar No. 193336)
Email: pafrasiabi@onellp.com
Christopher W. Arledge (Bar No. 200767)
Email: carledge@onellp.com
John Tehranian (Bar No. 211616)
Email: jtehranian@onellp.com
**ONE LLP**
4000 MacArthur Boulevard
West Tower, Suite 1100
Newport Beach, California 92660
Telephone:  (949) 502-2870
Facsimile:   (949) 258-5081

Attorneys for Defendants Mathew Higbee, Law Offices of Mathew K. Higbee, and Higbee & Associates (individually and dba recordgone.com and recordclearing.org)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICTSOUTHERN DIVISION

| | |
|---|---|
| EAS Technologies, LLC, a Kentucky Limited Liability Company,<br><br>     Plaintiff,<br><br>v.<br><br>Mathew Higbee, individually and doiing business as recordgone.com and recordclearing.org; Law Offices of Mathew K. Higbee, a California corporation, individually and doing business as recordgone.com and recordclearing.org; Higbee & Associates, individually and doing business as recordgone.com and recordclearing.org; and Does 1-20, inclusive,<br><br>     Defendants. | Case No. SACV10-1130 JVS (AJWx)<br><br>**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND STRIKE COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MOTION FOR A MORE DEFINITE STATEMENT**<br><br>**[PROPOSED ORDER FILED CONCURRENTLY HEREWITH]**<br><br>**[Fed. R. Civ. P. 12(b)(6), (e) & (f)]**<br><br>Date:         October 18, 2010<br>Time:        1:30 p.m.<br>Courtroom:  10C |

17515.1

**DEFENDANTS' 12(B)(6), (E) & (F) MOTION**

# TABLE OF CONTENTS

I.   INTRODUCTION AND BACKGROUND..................................................................1

II.  PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND, AS SUCH, THIS CASE SHOULD BE DISMISSED..................................................................2

    A.   Rule 12(b)(6) Standards..................................................................2

    B.   Plaintiff's Copyright Claim is Deficient..................................................................2

        1.   Plaintiff Failed To Satisfy The Second Element Because It Plead Nothing More Than A Legal Conclusion Without Supportive Facts..................................................................2

III. PLAINTIFF'S CLAIM IS SO VAGUE AND AMBIGUOUS THAT DEFENDANTS CANNOT REASONABLY PREPARE A RESPONSE..................................................................4

    A.   Rule 12(e) Standards..................................................................4

    B.   More Detail Is Needed..................................................................5

IV. PLAINTIFF SEEKS REMEDIES NOT AVAILABLE UNDER THE COPYRIGHT ACT AND SUCH CLAIMS MUST BE STRICKEN..................................................................6

    A.   Punitive Damages Are Indisputably Unavailable..................................................................6

    B.   Statutory Damages And Attorneys' Fees Require Copyright Registration Prior To Infringement..................................................................7

    C.   Plaintiff's "Use" Allegation Is Irrelevant to Copyright Law..................................................................8

    D.   There Is No Right of Attribution for a Website or Database..................................................................9

V.   CONCLUSION..................................................................9

...

# TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal*,
  129 U.S. 1937, (2009).................................................................................2

*Aulson v. Blanchard*,
  83 F.3d 1, 3 (1st Cir. 1996)...........................................................................3

*Balistreri v. Pacifica Police Dep't*,
  901 F.2d 696, 699 (9th Cir. 1990).................................................................2

*Bell Atlantic Corp v. Twombly*,
  127 S.Ct. 1955, 1974 (2007).........................................................................2

*Bucklew v. Hawkins, Ash, Baptie & Co.*,
  329 F.3d 923, 931-32 (7th Cir. 2003)............................................................6

*Cellars v. Pacific Coast Packaging, Inc.*,
  189 F.R.D. 575, 578 (N.D. Cal. 1999)..........................................................5

*Delta Educ., Inc. v. Langlois*,
  719 F. Supp. 42, 50 (D.N.H. 1989)...............................................................4

*Fantasy, Inc. v. Fogerty*,
  984 F.2d 1524, 1527 (9th Cir. 1993).............................................................6

*Federal Sav. and Loan Ins. Corp. v. Musacchio*,
  695 F. Supp. 1053, 1060 (N.D. Cal. 1988)...................................................4

*Kling v. Hallmark Cards, Inc.*,
  225 F.3d 1030, 1037 (9th Cir. Cal. 2000).....................................................2

*Mai Sys. Corp. v. Peak Computer, Inc.*,
  991 F.2d 511, 517 (9th Cir. 1993).................................................................3

*Singh v. Famous Overseas, Inc.*,
  680 F. Supp. 533, 536 (E.D.N.Y. 1988).......................................................7

*Smith v. Jackson*,
  84 F.3d 1213, 1218 (9th Cir. 1996)...............................................................2

*Sprewell v. Golden State Warriors*,
    266 F.3d 979, 988 (9th Cir. 2001) ................................................................................. 2
*Three Boys Music Corp. v. Bolton*,
    212 F.3d 477, 481 (9th Cir. 2000) ................................................................................. 2

**STATUTES**

17 U.S.C. § 106 ............................................................................................................... 8, 9
17 U.S.C. § 412 ................................................................................................................... 7
35 U.S.C. § 271(a) ............................................................................................................. 8
Fed. R. Civ. Pro. 12 ............................................................................................................ 4

**TREATISES**

4 Nimmer & Nimmer, Nimmer on Copyright, section 14.02 ............................................ 6
5 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1376 .................... 5

## I. INTRODUCTION AND BACKGROUND

Defendant Higbee & Associates is the nation's largest law firm dedicated to criminal record removal. The firm's offices span across ten states and are primarily marketed through its website, recordgone.com. Recordgone.com has roughly 300 unique pages and dynamic pages that are pulled from a database of more than 1000 records. Defendant Mathew K. Higbee is an attorney licensed in six states who serves as President of the firm. The Plaintiff is a non-lawyer competitor of the Defendants, assisting with criminal record expungement through its website clearmyrecord.com.

This lawsuit is the second act in an existing drama, the first act of which is pending in the Orange County Superior Court. There, Defendants filed a lawsuit for interference with economic advantage and unfair competition, alleging that the Plaintiff herein was engaged in the unauthorized practice of law as well as providing false and misleading advertising and statements of law online through its websites and paid advertisements. This federal action is the retaliatory effort to the state court matter.

Today, the vagueness of the Complaint is at issue, which Complaint: (1) fails to identify the alleged copyrighted subject matter; (2) fails to allege the alleged substantially similar infringing work of which Defendant or Defendants; (3) affirmatively seeks punitive damages, which are unequivocally unavailable in federal copyright litigation; and (4) affirmatively seeks statutory damages and attorneys fees, which remedies are only available if the federal registration predates the alleged infringement, none of which is remotely alleged.

As a result, the Complaint leaves Defendants unaware of what the alleged copyright subsists in and what the allegedly infringed subject matter even is. Defendants are unable to fashion a response to such phantom allegations. Defendants should not have to bear the costs of this action to find out if what Plaintiff asserts is even protectable subject matter under the Copyright Act.

///

## II. PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND, AS SUCH, THIS CASE SHOULD BE DISMISSED.

### A. Rule 12(b)(6) Standards

Rule 12(b)(6) dismissal is proper where, assuming the facts as alleged are true, there is no "cognizable legal theory." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). In a motion to dismiss, a court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). To survive a motion to dismiss, the complaint must therefore allege sufficient facts to support a "claim for relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Moreover, under the Supreme Court's recent ruling in *Ashcroft v. Iqbal*, 129 U.S. 1937 (2009), the failure of a Complaint to provide a *plausible* (not just possible) claim for relief will result in its dismissal. As the Court wrote, "Determining whether a complaint states a plausible claim for relief requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

### B. Plaintiff's Copyright Claim Is Deficient

A claim for copyright infringement has two elements: "(1) ownership of the copyright; and (2) infringement - that the defendant copied protected elements of the plaintiff's work." *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000) (citing *Smith v. Jackson*, 84 F.3d 1213, 1218 (9th Cir. 1996)); see also *Kling v. Hallmark Cards, Inc.*, 225 F.3d 1030, 1037 (9th Cir. Cal. 2000). Here, Plaintiff failed to plead sufficient facts to support the second element.

#### 1. Plaintiff Failed To Satisfy The Second Element Because It Plead Nothing More Than A Legal Conclusion Without Supportive Facts.

Assuming Plaintiff has the requisite standing to bring this action (it notably does not attach a registration certificate or even allege it complied with the deposit requirement at the Copyright Office, although it does allege it registered), this claim must fail because Plaintiff has not alleged that Defendants copied any protected expression. *See Mai Sys.*

*Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 517 (9th Cir. 1993) (stating that "plaintiff must prove ownership of a copyright and a ' "copying" of protectable expression' beyond the scope of a license.") (internal citation omitted).

Here, Plaintiff contends "Defendants' recordgone.com website is substantially similar to EAS's websites and EAS's protected copyrighted material…defendants substantially and in effect developed their website by in effect copying and/or using portions of EAS's copyrighted websites and databases." Complaint ¶ 23.  However, such bald legal assertions lack any factual explanation.  "In addressing a motion to dismiss, the court must accept all well-pleaded facts as true and draw all reasonable inferences in the plaintiff's favor.  This does not mean, however, that the court must 'swallow the plaintiff's invective hook, line, and sinker.'  The court need not credit 'bald assertions' or 'unsupportable conclusions.'"  *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996).

Plaintiff has merely offered a veritable "hook, line, and sinker" legal conclusion.  Plaintiff fails to plead a single solitary *fact* describing what about the website has copyright protection and how the alleged infringing site is substantially similar.  Plaintiff fails to plead what portions of "EAS's copyrighted websites and databases" were "in effect" copied.  Plaintiff fails to plead what "in effect" copying even means in this context.  Plaintiff fails to plead what portions of the Defendants' 300 plus page website contains allegedly infringing content.  In sum, Plaintiff's pleading simply fails.

Fundamentally, it is not enough to invoke this Court's jurisdiction, and unleash the expensive discovery process on a defendant, all by simply saying "something has been copied somewhere we think but we can't tell you where."  A defendant is entitled to know what is alleged to be substantially similar.  This is critical because copyright protection is not infinitely elastic, and if Plaintiff is alleging copyright in material that is not copyrightable as a matter of law, this needs to get resolved at the Rule 12 stage not the Rule 56 stage after Defendant has been subjected to unnecessary and expensive discovery.  After all, if each of the parties' websites quote the law of a given state on expungement and this

17331.1

3

**DEFENDANTS' 12(B)(6), (E) & (F) MOTION**

suit is about *that* alleged similarity, then the matter could and should be easily resolved at the Rule 12 stage.

As provided in *Sprewell*, and of course *Iqbal* and *Twombley*, a court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonable be drawn from the facts alleged. Under this standard, Plaintiff's Complaint fails because it alleges no facts, just bald assertions and legal conclusions. In light of the above, Defendants respectfully request Plaintiff's suit be dismissed under Rule 12(b)(6).

## III. PLAINTIFF'S CLAIM IS SO VAGUE AND AMBIGUOUS THAT DEFENDANTS CANNOT REASONABLY PREPARE A RESPONSE.

As shown above, Plaintiff's Complaint lacks any degree of specificity or even a single supportive fact. In order for Defendants to proffer a proper response, Plaintiff must clarify virtually every skeleton of an allegation made in its Complaint so as to actually constitute a cognizable claim. If the claim is not dismissed under Rule 12(b)(6), then Defendants request that under Rule 12(e) Plaintiff be ordered to provide a more definite statement.

### A. Rule 12(e) Standards

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. Pro. 12. A Rule 12(e) motion is proper where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted. "The proper test in evaluating a motion under Rule 12(e) is whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings." *Federal Sav. and Loan Ins. Corp. v. Musacchio*, 695 F. Supp. 1053, 1060 (N.D. Cal. 1988). Generally, the Court will require a more definite statement when the pleading is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Delta Educ., Inc. v. Langlois*, 719 F. Supp. 42, 50 (D.N.H. 1989) (quoting 5 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure

§ 1376); *see also Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999).

### B. More Detail Is Needed

Here, Plaintiff has served Defendants with only an ambiguous conclusion without supportive facts. Plaintiff only asserts Defendants "substantially and in effect developed their website by in effect copying and/or using portions of EAS's copyrighted websites and databases." Complaint ¶ 23. Defendants cannot frame a response without understanding how the websites are allegedly substantially similar, what portions are similar in a copyright sense? Is Plaintiff alleging the idea of criminal expungment website? Is Plaintiff asserting copyright protection in a color scheme of a web site? Is Plaintiff alleging copyright ownership over a recitation of the law of criminal expungement? Any number of things could be at issue: graphics, text, layout, design, color scheme, navigation, programming code, etc. Critically, some of these website elements are not even protectible subject matter as a matter of law. Without further information, Defendants are simply unable to defend themselves and stand to get forced into meritless and very expensive federal copyright litigation in order to possibly wait for resolution at the Rule 56 stage if it turns out Plaintiff is seeking copyright in that which is unprotected under the Copyright Act.

To be sure, it is not onerous to ask a Plaintiff who, surely in light of Rule 11, has concluded that two works are substantially similar, to actually allege what Plaintiff claims a copyright in and then which components of Defendants' site are substantially similar. Indeed, normally in copyright cases as this Court knows, exhibits are attached or at least significant detail is adduced so that the claim itself can be understood and subjected to testing at the Rule 12 stage. Finally, the need to plead proper detail is all the more important since Plaintiff has charged not just the defendant law corporation with copyright infringement but also an individual lawyer from the law corporation, seemingly treating the two as the same for purposes of the Copyright Act. As such, Defendants respectfully request the Court grant this motion for a more definite statement.

17331.1

5

**DEFENDANTS' 12(B)(6), (E) & (F) MOTION**

## IV. <u>PLAINTIFF SEEKS REMEDIES NOT AVAILABLE UNDER THE COPYRIGHT ACT AND SUCH CLAIMS MUST BE STRICKEN</u>.

Defendants recognize that motions to strike are generally disfavored. But, requests for relief that are categorically unavailable at law are surely more disfavored. Defendants have attempted to appeal to the Plaintiff's counsel's professional responsibilities in requesting that they amend their Complaint to withdraw claims for punitive damages. Unfortunately, these efforts have failed. As a result, this motion to strike must follow.

A motion to strike under Rule 12(f) is proper where Plaintiff alleges claims or matters that are improper under the law and should be stricken from the Complaint, but where the removal of such matters does not warrant a dismissal of the claim. See *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517. In other words, Rule 12(f) is designed for excision of material from pleadings if not dismissal of claims entirely. Here, the relief sought by Plaintiff is improper under the law and should be excised from its pleadings.

### A. Punitive Damages Are Indisputably Unavailable.

Punitive damages are simply unavailable under the Copyright Act. Plaintiff cannot point to a single piece of case law or federal statute that even remotely suggests the availability of punitive damages for claims of copyright infringement. Irrespective of this lack of support, Plaintiff has alleged claims for punitive damages and prayed for punitive and exemplary damages. Complaint ¶ 30 and Prayer ¶ 6.

As such, there is no good faith basis for the request and it should be amended immediately. As Judge Richard Posner has unequivocally observed, the Copyright Act "contains no provision for punitive damages." *Bucklew v. Hawkins, Ash, Baptie & Co.*, 329 F.3d 923, 931-32 (7th Cir. 2003). Judge Posner's conclusion is universally shared. As David Nimmer, the author of the leading treatise on copyright law, states: "[t]he cases are clear that exemplary or punitive damages should not be awarded in a statutory copyright infringement action." 4 Nimmer & Nimmer, Nimmer on Copyright, section 14.02.

The real question before this Court, then, is why Defendants have been required to expend significant resources to seek such basic relief; Plaintiff's recalcitrance is sanction worthy. Accordingly, the punitive damages claim (Complaint ¶ 30) and prayer for relief (Prayer ¶ 6) should be stricken.

### B. Statutory Damages And Attorneys' Fees Require Copyright Registration Prior To Infringement.

In addition, the Court should strike the request for statutory damages and attorneys' fees. Complaint ¶ 29 & Prayer ¶¶ 3 & 8. Those remedies are not available where the copyright registration is filed *after* the infringement is alleged to occur. *Singh v. Famous Overseas, Inc.*, 680 F. Supp. 533, 536 (E.D.N.Y. 1988); *see* 17 U.S.C. § 412 ("[N]o award of statutory damages or of attorney's fees . . . shall be made for . . . any infringement of copyright commenced after first publication of the work and before the effective date of its registration.").

Here, Plaintiff cannot qualify for statutory damages or the recovery of attorneys' fees as the effective date of the registration here did not occur before any conceivable alleged infringement. The Plaintiff pleads its website has been live since 2006 (Complaint ¶ 14) and that it has only now "applied for copyright registration" (*Id.* ¶ 21), although there is still no registration or even proof of application.[1] That four year break forever bars a claim for statutory damages or fees because the work was published over four years before the current registration, which post-dates the alleged infringement. As such, there is no good faith basis for the relief requested and the request should be stricken, or, consistent with the Rule 12(e) request above, the Plaintiff should actually allege when the alleged infringement occurred, when the alleged copyrighted subject matter was created, and when the alleged

---

[1] Plaintiff's allegation that it has "applied" is itself insufficient under the law, which requires and application and deposit materials to have a "complete" application. *See Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, 606 F.3d 612, 621-22 (9th Cir. 2010) (allegation that Copyright Office received a complete application was sufficient to confer standing). We note Plaintiff does not plead it has filed a complete application, so it should also on its amended pleading clarify that in fact its application was a "complete" one as required by *Cosmetic Ideas*.

17331.1

7

**DEFENDANTS' 12(B)(6), (E) & (F) MOTION**

registration was filed.  If Plaintiff can plead within the above law of § 412, then it should do so with appropriate detail in an amended pleading.

### C. Plaintiff's "Use" Allegation Is Irrelevant to Copyright Law.

Plaintiff alleges copying.  Complaint ¶ 23.  But Plaintiff also pleads as an *additional* claim that in addition to copying Defendants have "used" the alleged copyrighted materials.  Complaint ¶¶ 23-25.  "Use" is not one of the Copyright Act's touchstones, which Act protects the unauthorized violation of several exclusive rights, *see generally* 17 U.S.C. § 106 (reproduction, adaptation, distribution, performance, display), none of which make actionable the "use" of a copyrighted work independent of a violation of the exclusive rights.  "Use" of another's work (as embodied in claims of a patent), in contrast, is the province of the Patent Act.  *See* 35 U.S.C. § 271(a).

Here, Plaintiff has not explained with any clarity what it means by "use," and the allegations should either be stricken or it should be explained in greater detail under Rule 12(e) so that the Complaint may be tested.  Defendants' vague allegation that Plaintiff has no right to "use EAS's copyrighted material" (Complaint ¶ 25) when juxtaposed against other distinct allegations of copying is simply legally meritless.  There is no patent alleged to cover the database or website, and "use" alone is not unlawful under the Copyright Act.  One may "use" U2's CD (such as while driving to work), and that act is not an infringement of U2's copyright, unless in "using" U2's work one also violates one of the exclusive rights, such as by illegally copying it first.

Accordingly, Plaintiff's allegations of "use" as distinct from the allegations of copying are simply incoherent and imply a non-copying use type claim; at a minimum such vagaries should be pled clearly within the confines of the exclusive rights under the Copyright Act if it is to be a claim.  If the use allegations are intended to render actionable the use of a work without a concurrent violation of the exclusive rights, then they should be struck as immaterial to the copyright claim as pled here which addresses alleged "copying."

///

### D. There Is No Right of Attribution for a Website or Database.

Plaintiff also appears to make an attribution claim. Complaint ¶ 24. However, any lack of attribution, even assuming an unlawful act of copying, is not actionable because the Copyright Act does not require attribution absent narrow circumstances under the Visual Artists Rights Act of 1990 ("VARA"). VARA's attribution right only applies to narrow classes of visual art, such as original paintings, sculptures or drawings or limited editions prints of less than 200. 17 U.S.C. §§ 106A(a) & (b), 101. These limited attribution rights do not apply to websites or databases, nor can they be transferred from the artists to the entity (such as EAS). 17 U.S.C. § 106A(e). To the extent, Plaintiff is claiming a violation of attribution rights in paragraph 24, that paragraph should be stricken, indeed the claim (to the extent it is one) dismissed, as immaterial and not legally cognizable.

## V. CONCLUSION.

Defendants respectfully request Plaintiff's copyright claim be dismissed. Alternatively, Defendants respectfully request Plaintiff provide a more definite statement of its copyright claim. Thus, in either event the Plaintiff should be ordered to file an amended pleading. Moreover, Plaintiff requests the Court strike the improper requests for punitive damages, statutory damages and attorneys' fees.

Dated: September 20, 2010     **ONE LLP**

By: /s/ Peter R. Afrasiabi
Peter R. Afrasiabi
Attorneys for Defendants, Mathew Higbee, Law Offices of Mathew K. Higbee, and Higbee & Associates (individually and dba recordgone.com and recordclearing.org)