UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| Case No. | SACV 10-01130-JVS (AJWx) | Date | October 28, 2010 |
| Title | EAS Technolotgies, LLC v. Mathew Higbee, et al | | |

| | |
|---|---|
| Present: The Honorable | James V. Selna |

| | |
|---|---|
| Karla J. Tunis | Not Present |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Granting in Part and Denying in Part Defendants' Motion to Dismiss and Strike Complaint for Failure to State a Claim Upon Which Relief Can Be Granted (fld 9-20-10)**

This action arises out of the parties' maintenance of websites designed to assist individuals with criminal records obtain expungement of those records. In the sole cause of action asserted in the Complaint, plaintiff alleges that defendants' sites infringe upon their copyrighted site, in violation of 17 U.S.C. § 101. Defendants have moved to dismiss, for a more definite statement, and to strike. As set forth below, the Court **GRANTS IN PART AND DENIES IN PART** the Motion to Dismiss, Motion to Strike, and Motion for a More Definite Statement.

## I. Factual Allegations

The Complaint alleges that plaintiff's site, www.clearmyrecord.com, offers self-help services; defendants' websites, www.recordgone.com and www.recordclearing.org, "claim to provide legal services [relating to expungement of criminal records] through its internet services . . . through licensed attorneys [in several states]." Compl. ¶¶ 7, 8, 14, 17.

Plaintiff alleges that it "has applied for copyright registration of its databases and websites" and that it is "the owner of the copyright associated with its databases and websites." Compl. ¶¶ 20-21.

Plaintiff also alleges that defendants' www.recordgone.com website "is substantially similar" to its copyrighted material because defendants "in effect cop[ied] and/or us[ed] portions of EAS's copyrighted websites and databases. Compl. ¶ 23.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| Case No. | SACV 10-01130-JVS (AJWx) | Date | October 28, 2010 |
| Title | EAS Technolotgies, LLC v. Mathew Higbee, et al | | |

## II. Standard for Dismissal

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009).

In resolving a Rule 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. Nor must the Court "accept as true a legal conclusion couched as a factual allegation." Id. at 1949-50 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 1950. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

## III. Sufficiency of Allegations of Copyright Infringement

To successfully plead a claim for copyright infringement, a plaintiff must plead facts that tend to establish "(1) ownership of the copyright; and (2) infringement – that the defendant copied protected elements of the plaintiff's work." Three Boys Music Corp. v. Bolton, 212 F.3d 477, 481 (2000). Here, plaintiff alleges that it owns a copyright in its website. Compl. ¶ 20. Moreover, plaintiff alleges that defendant "in effect cop[ied]" its websites. These allegations suffice to state a claim for copyright infringement. See Robert Kubicek Architects & Associates, Inc. v. Bosley, No. CV 09-00145 PHX-MHM, 2009 WL 3188391, at * 1 (D. Ariz. Sept. 29, 2009) (rejecting what the court characterized as a "heightened pleading standard" advocated by copyright infringement defendant that would require a plaintiff "to state (1) which specific original works are the subject of the claim, (2) that plaintiff owns the copyrights in issue, (3) that the works in issue have been registered, and (4) by what acts and during what time frame defendants have infringed on the copyright").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| Case No. | SACV 10-01130-JVS (AJWx) | Date | October 28, 2010 |
| Title | EAS Technolotgies, LLC v. Mathew Higbee, et al | | |

     Defendant's reliance on the Central District's dismissal of copyright claims in the case of Vander Music v. Azteca Int'l Corp., Case No. 2:08-CV-08184-JHN-RCx (C.D. Cal., Sept. 15, 2007) (Docket No. 67), does not convince the Court otherwise. In Vander Music, the Court dismissed copyright claims asserted in the First Amended Complaint ("FAC") for failure to plead them properly. However, there, the FAC alleged that defendant broadcast thirty-two musical compositions without the required license at some unspecific points in time within a four-and-one-half year period, resulting in both "direct" and "indirect" infringement. See id. ¶ 6 (Docket No. 61). The Court dismissed the singular claim for copyright infringement as to all thirty-two compositions for failure to comply with Fed. R. Civ. P. 10(b)'s requirement that separate claims "limited . . . to a single set of circumstances" be pleaded. Id. at 3-4 (Docket No. 67). The Court also required the plaintiff, in the anticipated amended pleading, to refrain from "mingl[ing]" a number of different copyright doctrines without identifying the legal theory upon which each separate claim is based. Id. at 5. Significantly, for current purposes, the Court dismissed the claim for copyright infringement, without elaboration, for failure to "provide a *factual basis*" showing that the plaintiff was entitled to relief. Id. at 4-5 (emphasis in the original). In doing so, however, the Court did not adopt the heightened pleading standard advocated by defendant; rather, a reading of the Vander Music dismissal order reveals that the Court was concerned with the plaintiff's presentation of its many claims, based on a number of different works, and based on a number of varying copyright theories, including direct, contributory, and vicarious copyright infringement, all in a singular claim. Id. These concerns are not at issue in the present case, where plaintiff has alleged that an defendant's identified website infringes its identified website.

     Moreover, the case cited by defendant at the hearing is similarly unhelpful in discerning the pleading requirements for a copyright claim.[1] Plaintiff cited Neo v. Marina Bros., Inc., No. C 09-00739 WHA, 2009 WL 2447923 (N.D. Cal., Aug. 7, 2009). There, the Court recited the elements of copyright infringement, ownership and infringement of protected material, before dismissing the plaintiff's copyright claim because, having failed to allege ownership of copyrighted material, no analysis of the second element was possible. Id. at *2. Here, unlike the plaintiff in Neo, plaintiff has made factual allegations regarding the material it claims is copyrighted. Clearly, plaintiff's factual allegations do not permit defendant to delve as deeply into the merits of

---

     [1] Defendant cited two cases at oral argument. The first case defendant cited, at 2008 WL 115411, was not found. Because it was no cited in defendant's motion or reply, and was improperly cited at the hearing, the Court does not consider it.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| Case No. | SACV 10-01130-JVS (AJWx) | Date | October 28, 2010 |
| Title | EAS Technolotgies, LLC v. Mathew Higbee, et al | | |

plaintiff's claim as it would like; however, plaintiff has met its obligation to sufficiently plead its copyright claim.

Thus, the Court **DENIES** the Motion to Dismiss the copyright infringement claim.

### IV. Registration Requirement

Before a plaintiff may sue for copyright infringement, it must first register the work. 17 U.S.C. § 411(a). Recently, the Ninth Circuit had occasion to consider "[w]hat it mean[s] to register a copyrighted work," identifying two separate approaches used by federal appellate courts to answer that question. Cosmetic Ideas, Inc. v. IAC/Interactivecorp., 606 F.3d 612, 615 (9th Cir. 2010). Some courts have held that "a copyright [is] registered at the time the copyright holder's application is received by the Copyright Office," while others have held that a copyright is registered "at the time that the Office acts on the application and issues a certificate of registration." Id. at 615-16 (collecting cases). The Ninth Circuit adopted the former approach, requiring only that a copyright holder file an application for registration. Id. at 621 ("We therefore hold that receipt by the Copyright Office of a complete application satisfies the registration requirement of § 411(a).").

Seizing on the language that a "complete application" must be filed, defendants criticize plaintiff's allegations as inadequate that it "has applied for copyright registration," and "has filed an application for such copyright registration." Compl. ¶ 21. Defendants do not elaborate upon their position as to what constitutes a "complete application," which the Court presumes refers to an applicant's compliance with statutes related to copyright registration. See e.g., 17 U.S.C. § 408 (requirement of deposit of copyrighted work); § 409 (setting forth requirements for copyright application); § 708(a) (setting forth requirement for fees). Defendants have not cited any authority for the position that recitation of compliance with every step of the registration process is required before a plaintiff may state a claim for copyright infringement, and the Court's research has found none. Therefore, the Court concludes that plaintiff's allegations are sufficient at the pleadings stage.

### V. Availability of Statutory Damages, Attorneys' Fees, and Punitive Damages

Defendant moves to strike prayers for statutory damages, attorneys' fees, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| Case No. | SACV 10-01130-JVS (AJWx) | Date | October 28, 2010 |
| Title | EAS Technolotgies, LLC v. Mathew Higbee, et al | | |

punitive damages. These requests are more appropriately examined as motions to dismiss. See Whittlestone, Inc. v. Handi-Craft Co., __ F.3d __, No. 09-16353, 2010 WL 3222417, at *4 (9th Cir., Aug. 17, 2010) ("We therefore hold that Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law.").

Defendants move to dismiss the prayer for statutory damages and attorneys' fees because those remedies are not available for infringement that "commence[s] after first publication of the work and before the effective date of registration." See Motion at 7; Reply at 10-11; 17 U.S.C. § 412. In this context, where the first act of infringement in a series of ongoing infringements occurs prior to the effective date of the registration, statutory damages and attorneys' fees are not available for any of the ongoing infringement. See Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 701 (9th Cir. 2008) ("Accordingly, we join those circuits that addressed the issue before us and hold that the first act of infringement in a series of ongoing infringements of the same kind marks the commencement of one continuing infringement under § 412.") (footnote and internal citations omitted). The rule is clear, but its applicability in light of the facts pled is not.

The effective date of the registration is, however, by statute, backdated to the date of the copyright application. See Cosmetic Ideas, 606 F.3d at 617 (citing 17 U.S.C. § 408(a)). That date is not set forth in the Complaint, and indeed, absent a registration certificate, has not yet been set. Moreover, plaintiff has not plead when the alleged infringement began, and indeed, it may not yet possess that information, which is likely to be in defendant's possession. Although at later stages of the litigation (but before trial), it may be determined that these damages are not available, plaintiff has met the burden for making this prayer for relief at the pleadings stage.

Thus, the motion to dismiss the prayer for relief to the extent it seeks statutory damages and attorneys' fees is **DENIED.**

In contrast, punitive damages are not ever permitted under the Copyright Act. Bucklew v. Hawkins, Ash, Baptie & Co., LLP., 329 F.3d 923, 934 (7th Cir. 2003); cf. 17 U.S.C. § 504(a)(1) (actual damages); § 504(a)(2) (statutory damages). Indeed, the Ninth Circuit has suggested that the wide range of statutory damages available under the Copyright Act may serve a purpose similar to punitive damages. See Dream Games of Arizona, Inc. v. PC Onsite, 561 F.3d 983, 992 (9th Cir. 2009) (noting the "compensatory

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| Case No. | SACV 10-01130-JVS (AJWx) | Date | October 28, 2010 |
| Title | EAS Technolotgies, LLC v. Mathew Higbee, et al | | |

and *punitive* purposes" of statutory damages under the Copyright Act) (internal quotation marks and citation omitted) (emphasis added); Nintendo of America, Inc. v. Dragon Pacific Intern., 40 F.3d 1007, 1011 (9th Cir. 1994) (noting that "[t]he punitive and deterrent purposes [of statutory damages under the Copyright Act] explain the heightened maximum award of $100,000 per infringement"). Thus, the availability of statutory damages ameliorates the need for punitive damages.

Plaintiff cites only TVT Records v. Island Def Jam Music Group, 262 F.Supp.2d 185, 186 (S.D.N.Y. 2003) as primary authority for such an award. TVT Records, however, has been resoundingly criticized for this holding. See e.g., LTVN Holdings, LLC v. Odeh, No. CCB-09-789, 2010 WL 2612690, at *3 (June 25, 2010, D. Md. 2010); Viacom Intern. Inc. v. Youtube, Inc., 540 F.Supp.2d 461, 464 (S.D.N.Y. 2008) ("The leading treatise on copyright law recently described the TVT decision, on which Blanch rests, as a 'rogue decision' which 'should not be followed in light of the profusion of contrary cases.'") (citation omitted). Accordingly, the Court **DISMISSES WITH PREJUDICE** plaintiff's prayer for punitive damages.

## VI. Attribution

Defendant moves to strike plaintiff's "attribution" allegations. Again, because the challenge is that the allegations are legally insufficient, it must be analyzed as a motion to dismiss. Whittlestone, 2010 WL 3222417 at *4.

Section 106A of the Copyright Act, the Visual Artists Rights Act ("VARA"), protects the proper use of the artist's name and the physical integrity of the artist's work. See 17 U.S.C. § 106A. The right of attribution allows the creator of a work of visual art to "claim authorship of that work" and "to prevent the use of his or her name as the author of any work of visual art which he or she did not create." 17 U.S.C. § 106A(a)(1). The right of integrity allows the author "to prevent the use of his or her name as the author of the work of visual art in the event of a distortion, mutilation, or other modification of the work which would be prejudicial to his or her honor or reputation." 17 U.S.C. § 106A(a)(2). VARA only protects attribution and integrity rights when the author's work qualifies as a "work of visual art," as defined in Section 101. 17 U.S.C. § 101; 17 U.S.C. § 106A(a).

Plaintiff makes no argument in opposition to dismissal of these allegations. The copyrighted work at issue does not seem to the Court to fall into the definition of works

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| Case No. | SACV 10-01130-JVS (AJWx) | Date | October 28, 2010 |
| Title | EAS Technolotgies, LLC v. Mathew Higbee, et al | | |

protected by VARA. Therefore, the Court **DISMISSES WITH PREJUDICE** the attribution allegations, ¶ 24 of the Complaint.

### VII. "Use"

Defendant moves to strike "use" allegations as irrelevant. See Motion at 8. At the hearing, in apparent agreement with defendant's argument, plaintiff stated that it attempted, although inartfully so, to state a claim for infringement based upon the creation of an unlawful derivative work. Thus, the Court **DISMISSES** these allegations. Plaintiff may amend the Complaint to assert the its intended claim.

### VIII. Conclusion

The Court **GRANTS IN PART AND DENIES IN PART** the Motion to Dismiss and Motion to Strike. The alternative Motion for a More Definite Statement is **DENIED**. Plaintiff is granted twenty days leave to amend.

**IT IS SO ORDERED.**

| | 0 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | 00 |