Jeffrey L. Sikkema, State Bar No. 164367
CARLTON DiSANTE & FREUDENBERGER LLP
2600 Michelson Drive
Suite 800
Irvine, California 92612
Telephone: (949) 622-1661
Facsimile: (949) 622-1669
E-Mail: jsikkema@cdflitigation.com

Attorneys for Plaintiff
EAS Technologies, LLC

**ORIGINAL**

FILED
2010 NOV 18 AM 10:22
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| EAS Technologies, LLC, a Kentucky Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>Mathew Higbee, individually and doing business as recordgone.com and recordclearing.org; Law Offices of Mathew Higbee, a California corporation, individually and doing business as recordgone.com and recordclearing.org; Higbee & Associates, individually and doing business as recordgone.com and recordclearing.org; and Does 1-20, inclusive,<br><br>Defendants. | Case No. SACV 10-1130-JVS (AJWx)<br><br>Judge: Hon. James V. Selna<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**Copyright Infringement**<br><br>Demand for Jury Trial |

For its First Amended Complaint against the defendants and pursuant to the Court's order of October 28, 2010, Plaintiff EAS Technologies, LLC, alleges as follows:

1
FIRST AMENDED COMPLAINT

401844.1

## Parties and Jurisdiction

1. Plaintiff EAS Technologies, LLC ("EAS" or "Plaintiff"), is and at all times relevant was a Kentucky limited liability company organized and existing under the laws of the Commonwealth of Kentucky, having a principal place of business in Lexington, Kentucky.

2. EAS is in the business of designing and developing databases and operating websites that allow individuals to determine for themselves their eligibility for, and potentially to seek, the expungement, clearing, and other relief regarding their criminal records.

3. On information and belief, defendant Mathew Higbee ("Higbee"), is and at all times relevant was an individual licensed to practice law in the State of California, who resides in Orange County and has his principal place of business at 1901 Newport Blvd., Suite 350, Costa Mesa, CA 92627.

4. On information and belief, defendant Law Offices of Mathew K. Higbee is and at all times relevant was a corporation organized and existing under the laws of California, having its principal place of business at 1901 Newport Blvd., Suite 350, Costa Mesa, CA 92627. On information and belief, defendant Law Offices of Mathew K. Higbee is a corporation with offices in several states and through which defendant Higbee practices law.

5. On information and belief, defendants Higbee and/or the Law Offices of Mathew K. Higbee sometimes use the name "Higbee & Associates" in practicing law. The organizational status of defendant "Higbee & Associates" is unknown.

6. Hereinafter, defendant Law Offices of Mathew K. Higbee and defendant Higbee & Associates are referred to jointly and severally as "Higbee law firm."

7. According to the defendant Higbee law firm's website, it is a law firm engaged in the expungement and record clearing of criminal records.

///
///

8. On information and belief, defendant "recordgone.com" is and at all times relevant was a website owned and/or used by defendant Higbee and the defendant Higbee law firm. On information and belief, defendant "recordclearing.org" is and at all times relevant was also a website owned and/or used by defendants.

9. The true names and capacities of defendants Does 1 through 20, inclusive, are presently unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will seek leave of Court to amend this Complaint to insert their true names and capacities when they are ascertained. Plaintiff alleges on information and belief that each of the defendants named as Does 1 through 20, inclusive, is legally responsible in some manner for the events and happenings referred to herein and that the conduct of each defendant proximately caused, or is otherwise responsible for, plaintiff's damages alleged herein. Each reference in this Complaint to "defendant," "defendants," or a specifically named defendant, refers also to all defendants sued under fictitious names.

10. At all relevant times, each of the defendants was and is the agent, principal, partner, joint venturer, co-conspirator, officer, director, employee, and/or alter-ego of each other in and about the matters and activities alleged herein. At all relevant times, they were acting within the course and scope of such relationships with actual and/or apparent authority to do so.

11. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1338 on the grounds that this case alleges a federal claim for copyright infringement under 17 U.S.C. § 101 et seq. In addition, this Court has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) in that there is complete diversity between the plaintiff and the defendants and the matter in controversy exceeds $75,000, exclusive of interest and costs.

///
///

12. This Court has personal jurisdiction over the defendants, and each of them, in that they are citizens of and reside in California and/or their principal place of business is in California.

13. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) as defendants, and each of them, are located and reside within the Central District of California, have their principal place of business here, the acts complained of in this Complaint were committed and/or directed from here, and defendants may be found here.

**Factual Background**

14. Plaintiff EAS is located in Lexington, Kentucky, where it operates several internet business websites, including "clearmyrecord.com," a website which provides self-help services for individuals who have a criminal record seeking expungement, record-clearing, and other forms of relief regarding their criminal records. EAS's previous website for this service was "removeit.org." Plaintiff has offered its services since approximately 2006.

15. Plaintiff's self-help services are offered to individuals in all fifty states and are limited to providing an online legal portal as it relates to criminal records and criminal records relief, such as expungements, pardons, record sealing and other forms of relief. Plaintiff provides an automated software solution to individuals who choose to prepare their own legal documents regarding such criminal record relief as well as services that communicate the clearance or relief of criminal records to various third party databases. Plaintiff charges a flat rate for its services.

16. Plaintiff developed databases and websites to allow people with criminal records to seek relief regarding their records. EAS independently created its websites and databases and they possess the requisite degree of creativity.

///
///
///

17. Upon information and belief, Defendants operate an internet business with a website known as "recordgone.com" and claim to provide legal services through its internet business to its customers through licensed attorneys in Arizona, California, Florida, Minnesota, Nevada, Pennsylvania, Texas, Utah and Washington.

### First Cause of Action
### (Copyright Infringement Under 17 U.S.C. § 101, et seq.)

18. EAS realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 17, inclusive, as though set forth in full herein.

19. A copyright notice is and at all relevant times has been clearly and conspicuously displayed on each page of EAS's websites.

20. EAS has a valid copyright in its databases and websites, and EAS is the owner of the copyright associated with its databases and websites.

21. EAS has applied for copyright registration of its databases and websites and has filed an application for such copyright registration with the U.S. Copyright Office.

22. Defendants have had full access to EAS's websites and databases through and by the internet. Subsequently, Defendants developed and operate a website known as recordgone.com. Defendants' website is also available to others as it is on the internet.

23. Defendants' recordgone.com website is substantially similar to EAS's websites and EAS's protected copyrighted material. Upon information and belief, defendants substantially and in effect developed their website by in effect copying portions of EAS's copyrighted websites and databases. Upon information and belief, Defendants also created derivative works (e.g., their websites/databases) from EAS's copyrighted websites and databases, from which Defendants have benefitted.

24. [deleted]

25. EAS is the exclusive owner and has exclusive rights to the copyright. Defendants have no right to use plaintiff EAS's copyrighted material.

26. Defendants' conduct has been and continues to be infringement of EAS's copyright. Defendants' conduct constitutes infringement of EAS's copyright and a violation of 17 U.S.C. § 101 et seq.

27. Defendants are deriving and have derived economic benefit from their infringement of EAS's copyright.

28. As a direct and proximate result of Defendants' conduct, EAS has suffered and will continue to suffer damages.

29. At a minimum, the copyright statute provides statutory damages of $150,000 per infringement. EAS is also entitled to attorneys' fees under 17 U.S.C. § 505.

30. Defendants' conduct has been willful and an intentional infringement of plaintiff's property and copyright interests. Defendants have acted with indifference and reckless disregard for plaintiff's rights. Defendants have acted maliciously, wantonly, and/or oppressively.

## Prayer for Relief

WHEREFORE, Plaintiff prays this Court enter judgment in its favor on all counts granting the following relief:

1. For preliminary and permanent injunctive relief enjoining and restraining defendants and all persons acting in concert with them from reproducing, distributing, adapting, creating derivative works of, displaying, or performing any materials that are substantially similar to the EAS's copyrighted material, and to deliver to the Court for destruction or other reasonable disposition all such materials and means for producing same in defendants' possession or control;

2. For a judgment stating that defendants have infringed, actively induced others to infringe, and/or contributorily infringed EAS's copyright, and which requires defendants to pay over to plaintiff all damages sustained by plaintiff due to such infringement;

3. For statutory damages in the amount of no less than $150,000 per infringement;

4. For actual damages suffered by plaintiff in an amount to be proven at the time of trial;

5. For disgorgement of defendants' profits in an amount to be proven at trial;

6. [deleted]

7. For prejudgment interest on all damages;

8. For costs and disbursements, including but not limited to, attorneys' fees; and

9. For such other and further relief as the Court deems appropriate.

Dated: November 17, 2010        CARLTON DiSANTE & FREUDENBERGER LLP
Jeffrey L. Sikkema

By: *Jeffrey L. Sikkema*
Jeffrey L. Sikkema
Attorneys for Plaintiff
EAS Technologies, LLC

## Jury Demand

Plaintiff hereby demands a trial by jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: November 17, 2010

CARLTON DiSANTE & FREUDENBERGER LLP
Jeffrey L. Sikkema

By: _____
Jeffrey L. Sikkema
Attorneys for Plaintiff
EAS Technologies, LLC

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE.

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 2600 Michelson Drive, Suite 800, Irvine, California 92612. On November 17, 2010, I served upon the interested party(ies) in this action the following document described as: FIRST AMENDED COMPLAINT

By placing a true and correct copy thereof enclosed in sealed envelope(s) addressed as stated on the attached service list for processing by the following method:

[X] By depositing such envelope(s) with postage thereon fully prepaid in a post box, mailbox, sub-post office, substation, mail chute, or other like facility regularly maintained by the United States Postal Service in Irvine, California.

Executed on November 17, 2010, at Irvine, California.

I declare that I am employed in the office of a member of the Bar of or permitted to practice before this Court at whose direction the service was made.

Lisa Magana
(Type or print name)

(Signature)

CARLTON DiSANTE &
FREUDENBERGER LLP

401844.1

## SERVICE LIST

Peter R. Afrasiabi, Esq.  Counsel for Defendants
Christopher W. Arledge, Esq.
John Tehranian, Esq.
ONE LLP
4000 MacArthur Boulevard
West Tower, Suite 1100
Newport Beach, CA 92660
T: 949-502-2870
F: 949-258-5081

CARLTON DiSANTE &
FREUDENBERGER LLP

401844.1